# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EFREN GUTIERREZ, | : | |
| Petitioner, | : | Case No.  3:11cv00268 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| STATE OF OHIO, | : | |
| Respondent. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.

Petitioner Efren Gutierrez has been incarcerated in the Miami County Jail since June 22, 2011.  (Doc. #1 at 1).[2]  He brings this case through counsel seeking a writ of habeas corpus.  The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

The case is presently pending upon Gutierrez's Petition for Writ of Habeas Corpus.  His petition is subject to preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  *See Brooks v. Capello*, 2009 WL 1010978 at *1 (W.D.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] Citations to page numbers refer to the "Page ID #" assigned by the Court's case management electronic case filing system.

Mich. 2009) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(district court has the duty to "screen out" habeas petitions that lack merit on their face)).  Rule 4 instructs, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## II.

Gutierrez's habeas petition explains that on June 23, 2011, he was arraigned in the Miami County Municipal Court on a charge of identity fraud, "a fifth degree felony." (Doc. #1 at 3).  He entered a plea of not guilty and "waived the Preliminary Hearing ... under the advice of Counsel." *Id*.  His petition continues:

> The docket history indicates that the Municipal Court bound the case over [to the] Miami County Court of Common Pleas on July 6, 2011.  Since that time the undersigned [Gutierrez's habeas counsel] has contacted the Miami County Prosecutor's Office to ascertain dates, case number, assigned judge[,] etc.  The answer received has consistently been that [Gutierrez's] case is under investigation.
>
> As of ... [July 29, 2011], the Common Pleas Court has no official charges, court date, or indictment against [Gutierrez].  [He] has no prior criminal history and thus would be potentially eligible for Community Control under State statute.  Also, Homeland Security's ICE Division placed a Federal Detainer upon [him] for purposes of deportation. Petitioner has not previously applied for a Writ of Habeas Corpus in this or any other Court in the United States.

(Doc. #1 at 3-4).

Gutierrez requests the following relief: "grant [him] a hearing on this matter, issue a Writ of Habeas Corpus directing Respondent to discharge [him] from its custody and ...

2

such other and further relief that he may be entitled in this proceedings." (Doc. #1 at 2).

## III.

"The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the United States Constitution or laws or treaties of the United States...." 28 U.S.C. §2241(c)(3).

Gutierrez's petition does not identify a violation of any particular provision of the U.S. Constitution, laws, or treaties. The closest he comes is his assertion that he has "the right to address the deportation issue in the..." U.S. Immigration Court in Cleveland. (Doc. #3 at 4). He reasons, "Since Miami County has not yet proceeded with prosecution on the charge and [he] is subject to deportation, justice would be readily served by releasing [him] from the custody of Miami County into the custody of the Department of Homeland Security where immigration issues/proceedings can commence without further unlawful imprisonment of [him] pursuant to the U.S. Constitution, statutes, and[/]or treaties." (Doc. #3 at 4-5).

The flaw in Gutierrez's reasoning is that it is predictive. He seeks to obtain habeas relief for an anticipated deprivation of his asserted right to address the U.S. Immigration Court concerning his possible removal. Though it is equally possible that he seeks to be removed (to avoid the presently pending state criminal charge) or seeks to contest his removal, neither future situation indicates that his federal constitutional rights have been violated.

3

> An immigration notice of detainer alone does not subject a prisoner to D.H.S. [Department of Homeland Security] custody.  *See Kurbegovic v. INS*, 1993 WL 128075 (N.D.Cal. April 20, 1993) (incarcerated immigrants cannot obtain relief under a writ of habeas corpus because an INS notice of detainer alone does not subject a prisoner to INS custody); *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990); *Orozco v. U.S.I.N.S.*, 911 F.2d 539, 541 (11th Cir. 1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *United States ex. rel. Marcello v. District Director*, 634 F.2d 964, 969 (5th Cir. 1981).  An immigration detainer does not purport to affect a prisoner's status as a sentenced offender, but merely notifies prison officials that a decision regarding his removal will be made by D.H.S. at some future date.  *Campillo*, 853 F.2d at 595.  The detainer does not alter a prisoner's status as a custodial detainee of the prison system.  *Id*.  It does not require the prison to "hold" a prisoner past the date of his incarceration.  *Id*.  [The prisoner] may not challenge the detainer by way of habeas corpus until he is placed in the custody of D.H.S., an event that will not occur until he is released from his present term of confinement.  *Id*.

*Mendoza v. I.N.S.*, 2010 WL 5136018 at * 1 (D.Nev. 2010).

Gutierrez argues that his present detention in the Miami County Jail is "without any basis in law."  (Doc. #1 at 4).  This contention lacks merit.  Based on the circumstances described in Gutierrez's habeas petition, his detention arises from a charge of identity fraud, a fifth degree felony under Ohio law.  This felony charge remains pending, and his confinement in the Miami County Jail remains ongoing, due to his waiver of the preliminary hearing and the resulting legal basis for his continued detention awaiting possible indictment.  Under Ohio statutory law:

> If the defendant..., pleading not guilty, affirmatively waives the right to have the court or magistrate take evidence concerning the offense, the court or magistrate forthwith and without taking evidence may find that the crime has been committed and that there is probable and reasonable cause to hold the defendant for trial pursuant to indictment by the grand jury....

Ohio Rev. Code §2937.10.

Gutierrez doubtlessly carries heavy burdens as he awaits further disposition of his case. He faces a state felony charge, a possible grand jury indictment, a Homeland Security Detainer, and possible removal proceedings. But, given his waiver of a preliminary hearing, his present confinement is consistent with Ohio Rev. Code §2937.10 and is therefore lawful.

Gutierrez, moreover, has not raised his challenges to his present confinement in the Ohio Courts. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted); *see* 28 U.S.C. §2254(b)(1). Nothing in Gutierrez's habeas petition reveals he has sought relief from the Miami County Court of Common Pleas. At least one procedural avenue appears to be available to him in the Court of Common Pleas. Ohio Rev. Code §2937.34 provides:

> When a person is committed to jail, charged with an offense for which he has not been indicted, and claims to be unlawfully detained, the sheriff on demand of the accused or his counsel shall forthwith notify the court of common pleas, and the prosecuting attorney, to attend an examining court, the time of which shall be fixed by the judge. The judge shall hear said cause or complaint, examine the witnesses, and make such order the court as the justice of the case requires, and for such purpose the court may admit to bail, release without bond, or recommit to jail in accordance with the commitment. In the absence of the judge of the court of common pleas, the probate judge shall hold such examining court.

Because Gutierrez has not sought relief in the Ohio courts under this statute or by taking any other action in state court, and because such relief potentially remains open to

5

him, he has not exhausted his state remedies.[3]  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) ("'The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims.'" (citation omitted)).

Accordingly, Gutierrez's habeas petition plainly lacks merit and is therefore subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

### IV.

For the reasons set forth above, the conclusion that Gutierrez's habeas petition is subject to dismissal under Rule 4 is not debatable among jurists of reasons.  Gutierrez's habeas petition does not otherwise present any issue adequate to deserve encouragement to proceed with an appeal.  Consequently, issuance of a certificate of appealability is not warranted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Efren Gutierrez's Petition for Writ of Habeas Corpus be DENIED and DISMISSED without prejudice, and Gutierrez's next federal habeas petition, if any, should not be deemed successive under 28 U.S.C. §2244(b);

2. Gutierrez's request for a hearing be DENIED as moot;

3. A certificate of appealability not issue under 28 U.S.C. §2253; and

---

[3] Gutierrez's ongoing incarceration might, at some point, violate his constitutional or statutory right to a speedy trial.  *See, e.g., Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972); *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987).  As a result, as time passes, circumstances might provide Gutierrez with the opportunity to file a motion to dismiss in state court.  *See* Ohio Rev. Code §§ 2945.71, 2945.73(B).

4. The case be terminated on the docket of this Court.


August 10, 2011                                                         s/Sharon L. Ovington
                                                                         Sharon L. Ovington
                                                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).